[No. 7,622.—Department One.]

## M. S. JEFFERS v. O. F. COOK ET AL.

58  147
121  198
58  147
.140   19
58  147
147  746

STATUTE OF LIMITATIONS—FORECLOSURE OF MORTGAGE—PARTIES—SUPPLE-
MENTAL COMPLAINT—AMENDED COMPLAINT—DEMURRER—PRACTICE.—
In an action commenced May 27th, 1878, to foreclose a mortgage, which
fell due June 11th, 1874—in which the mortgagor alone was made defend-
ant—judgment was rendered, and the mortgaged premises sold under ex-
ecution; but afterward, on motion of the plaintiff, the sale and judgment
were set aside, and on May 3d, 1880, the plaintiff, by leave of the Court,
filed a supplemental complaint, setting up a conveyance of the mortgaged
premises to H. and others, by the mortgagor, made and recorded prior to
the suit, and making them and a subsequent grantee, parties to the action.
*Held*: By moving in the original action to make the subsequent grantees
of the mortgagor parties to the action, the plaintiff followed the course
of procedure approved in previous decisions of this Court; but it was
too late to resort to a remedy against new parties in aid of a cause of
action which, as to them, was barred by the Statute of Limitations;
and their demurrer on that ground was rightly sustained.
ID.—ID.—ID.—ID.—ID.—ID.—Grantees of a mortgagor, whose deed is re-
corded, are owners of the estate and necessary parties to an action to fore-
close the mortgage, and if they are not made parties until the lapse of
time has barred the remedy for the foreclosure of the lien, they have the
right, independent of their grantor, to plead the statute in bar of the ac-
tion against them.

APPEAL from a judgment for the defendants in the Supe-
rior Court of Colusa County. HATCH, J.

After the decision a petition for a rehearing in Bank was
filed and denied.

*Goad, Albery & Goad,* and *Estee & Boalt,* for Appellant.

Plaintiff, by moving in the original action, pursued the
only proper course to make Cook's grantees parties, and bring
them before the Court. (*Goodenow* v. *Ewer,* 16 Cal. 465;
*Boggs* v. *Hargrave,* id. 566; *Ketchum* v. *Crippen,* 37 id. 225;
*Aldrich* v. *Stephens,* 49 id. 676.) Plaintiff's petition was filed
in time. (*Heyman* v. *Lowell,* 23 Cal. 106; § 2911, Civil
Code.) The lien of the mortgage was kept alive by the com-
mencement of the suit, because the filing of the complaint
stopped the running of the statute. (§ 350, Code Civ. Proc.)
The cause of action upon the note and mortgage was not
barred by the statute, as to Cook's grantees, because they are

in no better position than Cook himself; they could not plead the statute, except through him, and he could not plead it for the reason that suit had been commenced' in time. (Thomas on Mortgages, 140; 2 Jones on Mortg. 1202.) The supplemental bill is a mere continuation of the original suit, and is not a new action. (*Harrington* v. *Slade*, 22 Barb. 161; *Slauson* v. *Englehart*, 34 id. 200; *Dann* v. *Baker*, 12 How. Pr. 521; *Gillett* v. *Hall*, 13 Conn. 426; *Mason* v. *York R. R. Co.*, 52 Me. 107; *Clark* v. *First Con. Society*, 46 N. H. 273.)

*A. L. Hart*, for Respondent.

Nearly two years had elapsed after the entry of the decree before these supplemental proceedings were instituted. The deed of the defendants was of record, and hence the plaintiff is conclusively presumed to have had knowledge of its existence: The rule is that a party desiring the relief herein sought must move within a reasonable time. The Court below decided that this application was not made within a reasonable time, and in so deciding committed no abuse of discretion. (*Goodenow* v. *Ewer*, 16 Cal. 469; *Boggs* v. *Hargrave*, id. 566; *Kreichbaum* v. *Melton*, 49 id. 55.) The filing of this supplemental complaint was as to the new parties brought in, in the nature of a new action, to be considered as commenced at the time of filing said complaint. (Story's Eq. Jurisprudence, 402, and note 401; Story's Eq. Pleading, 346, and note 334; *Miller* v. *McIntyre*, 6 Pet. 61.)

McKEE, J.:

On the 11th of June, 1873, O. F. Cook made and delivered to Mary M. Coffin his promissory note for the sum of two thousand five hundred dollars, payable twelve months after date, with interest thereon at the rate of one and a half per cent. per month, to be compounded if not paid every six months, and five per cent. of principal and interest as a counsel fee, in case it were necessary to institute a suit for the recovery of the note and the foreclosure of a mortgage, which was executed by the said Cook to secure payment of the note. The mortgage was recorded on the day of its execution, in the office of the Recorder of Colusa County, and on May 27, 1878, the mortgagee assigned the promissory note

and mortgage to Emeline Coffin, who, on that day, commenced an action of foreclosure upon them, in the late District Court of Colusa County, against the mortgagor alone.

In the proceedings, judgment for the amount of the principal and interest of the note, besides counsel fees and costs, and a decree of foreclosure were rendered and entered on August 14, 1878, in favor of the plaintiff and against the defendant mortgagor, upon which an order for sale was regularly issued, and came to the hands of the Sheriff of Colusa County, who, after advertising the mortgaged premises according to law, sold the same to the plaintiff, executed and delivered to her a certificate of sale, which was filed, and, upon the expiration of six months after the sale—no redemption having been made—executed and delivered to her a deed of said premises, which was duly recorded.

But on the 13th day of August, 1877, more than nine months before the commencement of the action against Cook to foreclose the mortgage, and a year and a day before the rendition and entry of the judgment and decree of foreclosure, Cook, the mortgagor, had sold and conveyed by deed the mortgaged premises to E. A. Harris, Thomas Eddy, Stephen Burtis, Andrew Meyer, C. Grimes, Richard Gleason, George Strinchfield, and Richard Brown, and they, having recorded their deed on the day of its execution, subsequently, to wit, June 16, 1879, conveyed the premises by deed to E. J. Burtis, who, having recorded his deed, entered into possession of the land. None of those persons were made a party to the proceedings in foreclosure; the decree of sale of the mortgaged premises was therefore void as to each of them, and the purchaser under the void decree acquired no title. But afterwards, by the order and judgment of the Superior Court of Colusa County, on the petition of the plaintiff, the decree of sale, the order of sale, and the sale made thereunder, were vacated and set aside, and the plaintiff was granted leave to file a supplemental complaint in the action, " bringing in and making parties thereto, all of the grantees named in said deeds, and all persons whomsoever, having or claiming any interest in or claim upon said premises or any part thereof, acquired after the execution of the mortgage."

Under that order, the plaintiff, Emeline, on May 3d, 1880,

filed a supplemental complaint against the defendant, Cook, and his aforementioned grantees, as defendants in the action. To this complaint the defendants demurred on the grounds that the cause of action stated therein against them was barred by the Statute of Limitations, and that the complaint did not state facts sufficient to constitute a cause of action. The demurrer was sustained, and that is assigned as error.

By moving, in the original action, to make the subsequent grantees of the mortgagor parties to the action, the plaintiff followed the course of procedure approved in *Goodenow* v. *Ewer*, 16 Cal. 465; *Boggs* v. *Fowler*, id. 561; *Ketchum* v. *Crippen*, 37 id. 225, and *Aldrich* v. *Stephens*, 49 id. 677. But her motion was not made, and her supplemental complaint was not filed until nearly six years after the cause of action stated in the original complaint had accrued; and, according to the rule for moving within reasonable time, enunciated in *Goodenow* v. *Ewer*, *supra*, it would seem to have been too late to resort to a remedy against new parties in aid of a cause of action which, as to them, was barred by the lapse of time within which, under the Code of Civil Procedure, an action could be brought against them upon the cause of action.

But it is contended that the cause of action was not barred, because the original complaint in the action having been filed against the mortgagor in statutory time, stopped the running of the Statute of Limitations. (§ 350, Code Civ. Proc.) That as a legal proposition is true as to the mortgagor who was made the sole party defendant to the action at the time of filing the complaint. And it would, also, have been true as to those who were subsequently made parties defendants by the supplemental complaint, if they had been made parties before the statute had run in their favor. But they were not made parties until the statute had run. The filing of the original complaint, therefore, stopped the running of the Statute of Limitations only as to him who was the party defendant at the time it was filed; it did not stop the running of the statute in favor of those who were not made defendants in the action at that time; the statute continued to run in their favor. (*Shaw* v. *Cock*, 78 N. Y. 194; *Atkinson* v. *A. & S. Co.*, 53 Cal. 102.) As to them, no action was commenced until the filing of the supplemental complaint in which they were

named as defendants. (*Lawrence* v. *Ballou*, 50 Cal. 258; *Anderson* v. *Mayers,* id. 524.) The supplemental complaint was a continuance of the original action as against the original defendant; but it was the commencement of a new action as to them. Until they were made parties to the bill, the action can not be considered as having been commenced against them. (Angell on Lim., § 330.) "It would be a novel and unjust principle," says the Supreme Court of the United States, "to make the defendants responsible for a proceeding of which they had no notice, and where a final decree in the case could not have prejudiced their rights." (*Miller* v. *McIntyre,* 6 Peters, 61; *Sicard* v. *Davis,* id. 124; *Holmes* v. *Trout,* 7 id. 171.) Their rights, then, must be determined as they existed at the time of filing the supplemental complaint.

It is claimed, however, that they are not privileged to plead the Statute of Limitations, "because they are in no better position than Cook himself; they could not plead it except through him, and he could not plead it for the reason that suit had been commenced against him in time."

But they were the owners of the estate, and were necessary parties to any action brought to foreclose the mortgage lien upon it created by their grantor. Without their presence in Court as parties defendants to the action, a decree of foreclosure of the lien by a sale of their property would have been a nullity. If they were not made parties to the action until the lapse of time had barred the remedy for the foreclosure of the lien, they had the right, independent of their grantor, to plead the statute in bar of the action against them. (*McCarthy* v. *White,* 21 Cal. 495 ; *Lord* v. *Morris,* 18 id. 484 ; *Lent* v. *Shear,* 26 id. 361.) Under such circumstances the plaintiff had no foreclosable lien upon their property. It had become extinguished by the lapse of time. (§ 2911, Civ. Code.) The demurrer to the supplemental complaint was properly sustained.

Judgment affirmed.

ROSS, J., concurred.

McKINSTRY, J., concurring:

In addition to what is said by Mr. Justice McKee, I desire

to state the fact that a notice of *lis pendens* was filed when the bill to foreclose the mortgage was originally brought. The *lis pendens* did not operate a notice of the suit to E. J. Burtis, who received his conveyance of the legal title from the grantees of the mortgagor after the commencement of the action, because their deed had been recorded before the suit was commenced, and they had not been made parties. (Code Civ. Proc., § 409.)

The commencement of the action against the mortgagor did not keep alive the lien against the mortgaged premises. He had parted with the legal title, and had no interest to protect the premises against the lien. In *Wells* v. *Harter*, 56 Cal. 342, this Court held that the lien of a mortgage becomes extinguished by the lapse of four years' time, without suit brought. (Civ. Code, §§ 2911, 2922.) More than four years had expired from the date of the note and mortgage when the respondent, E. J. Burtis, and the other respondents were made parties defendant.