[No. B146508. Second Dist., Div. Four. Jan. 22, 2002.]

MILES THOMAS, Plaintiff and Appellant, v.
C. VINCENT GILLILAND, Defendant and Respondent.

## Counsel

Stephen R. Kilstofte for Plaintiff and Appellant.

Sulzner & Associates and Bruce E. Sulzner for Defendant and Respondent.

## Opinion

**VOGEL (C. S.), P. J.**—In this appeal we review the contention that the statute of limitations is tolled when a complaint is filed so that a plaintiff may dismiss the complaint and refile the same action long after the statute of limitations has expired. We affirm the trial court's rejection of this preposterous proposition.

### I

To determine the merits of a demurrer, the material facts alleged in the complaint are deemed admitted. (*Serrano v. Priest* (1971) 5 Cal.3d 584,

591 [96 Cal.Rptr. 601, 487 P.2d 1241, 41 A.L.R.3d 1187].) There is, however, an exception to this rule. The exception allows a court to take judicial notice of relevant documents in related judicial proceedings. (Code Civ. Proc., § 430.30, subd. (a)[1] & Evid. Code, §§ 450-452.) This exception is applicable here because it is necessary to take judicial notice of the complaint first filed by appellant in 1998 and voluntarily dismissed 22 months later, a dismissal which was immediately followed on that very day by the filing of the second complaint embodying the same cause of action.

On February 20, 1998, appellant Miles Thomas discovered that he sustained injuries as a result of medical treatment provided by respondent C. Vincent Gilliland, M.D. On May 19, 1998, Thomas timely filed a medical malpractice action against Gilliland in the Los Angeles Superior Court, case No. NC023429. On February 23, 2000, Thomas voluntarily dismissed his complaint without prejudice. On the same date, February 23, 2000, he filed a second complaint in the Los Angeles Superior Court, case No. NC027323. The allegations of the second complaint mirror the 1998 complaint, case No. NC023429. It was not served on Gilliland until August 3, 2000.

Gilliland filed a demurrer to the second complaint on the ground that it was time-barred by section 340.5. ■ Thomas opposed the demurrer arguing that because he filed his first complaint in less than one year from the alleged discovery of his claim, he had preserved for future use the unexpired part of the one-year limitation to file a medical malpractice action pursuant to section 340.5. In other words, he asserts that because the first complaint was filed in May 1998, within the first three months of the discovery of his claim, he had the remaining nine months within which to file the same action again. His premise is that the remaining nine months were tolled during the pendency of the first complaint and did not commence to run until he dismissed the first action. The trial court disagreed with Thomas and sustained the demurrer without leave to amend.

## II

Thomas relies on inapplicable authorities to shore up the proposition he proffers to salvage his time-barred claim. He first relies on *Jeffers v. Cook* (1881) 58 Cal. 147, where the plaintiff filed an action to foreclose on a mortgage, naming only the mortgagor as a party defendant. After the commencement of the foreclosure action and the rendition of judgment in his favor, the plaintiff discovered the mortgagor debtor had conveyed the property to third persons before the foreclosure action had been filed. The interest of the third parties was, therefore, unaffected by the foreclosure. To

---

[1]All statutory references are to the Code of Civil Procedure unless otherwise indicated.

remedy this problem, the plaintiff filed a supplemental complaint naming the third parties as defendants. They filed a demurrer asserting the statute of limitations. The demurrer was sustained without leave to amend and the plaintiff appealed. The Supreme Court affirmed, with the following observation: "But it is contended that the cause of action was not barred, because the original complaint in the action having been filed against the mortgagor in statutory time, stopped the running of the Statute of Limitations. [Citation.] That as a legal proposition is true as to the mortgagor who was made the sole party defendant to the action at the time of filing the complaint. And it would, also, have been true as to those who were subsequently made parties defendants by the supplemental complaint, if they had been made parties before the statute had run in their favor. But they were not made parties until the statute had run. The filing of the original complaint, therefore, stopped the running of the Statute of Limitations only as to him who was the party defendant at the time it was filed; it did not stop the running of the statute in favor of those who were not made defendants in the action at that time; the statute continued to run in their favor." (*Id.* at p. 150.) Except for the statement that the filing of the complaint "stopped" the running of the statute of limitations as to the first named defendant, *Jeffers* does not support the proposition that an action voluntarily dismissed may be resurrected within an unexpired period of the applicable statute of limitations. Thomas simply contorts the holding of *Jeffers* to extrapolate a wholly nonsensical proposition that a party plaintiff may freeze any unused part of the statute of limitations to be thawed out when needed.

*Jellinek v. Superior Court* (1991) 228 Cal.App.3d 652 [279 Cal.Rptr. 6] is the only other case on which Thomas relies as authority to support his contention that the filing of a complaint tolls the statute of limitations allowing another action to be filed if the first is voluntarily dismissed without regard to the passage of time between the filing and dismissal of the first complaint. In *Jellinek*, the plaintiff filed an action in small claims court. After 22 months, the plaintiff filed a motion to transfer the small claims matter to the superior court and submitted a proposed complaint against the same defendant for filing in the superior court. The motion was erroneously granted even though there is no provision for a claim in the small claims court to be transferred to the superior court. The Court of Appeal issued a peremptory writ of mandate quashing the service of summons and remanding the matter to the small claims court. In passing, the Court of Appeal commented: "Also, statutes of limitations are normally tolled by the filing and service of a complaint because that event should cause a prudent defendant to consult a lawyer or to take other protective action." (*Id.* at p. 660.) That observation does not even address Thomas's contention that the statute of limitations may be stretched beyond its statutory term and

allow a refiling of the same action after it is voluntarily dismissed. The *Jellinek* court did not hold that a statute of limitations may be avoided by excluding the time between the first filing and dismissal of the action to determine whether a second filing on an identical claim is time-barred. *Jellinek* is simply inapplicable.

Gilliland eloquently addresses Thomas's argument as follows: "Giving Thomas his due, it is true that the filing of a complaint *normally* tolls[2] the statute of limitations *during the pendency of the action.* [Citation.] It is also true that the filing of an *amended* complaint alleging the same facts, relates back to the date the original was filed. [Citation.] These rules, however, when applied to the facts of this case, do not launch the conclusion Thomas would have this court reach. The critical element that Thomas shies away from is the sleight-of-hand in which he engaged—his voluntary dismissal of the original action. When Thomas did that, the original action ceased as if it had never been filed."

An argument substantially similar to that advanced by appellant was made in *Wood v. Elling Corp.* (1977) 20 Cal.3d 353 [142 Cal.Rptr. 696, 572 P.2d 755]. There a complex proceeding involved several parties. The corporate defendants had been dismissed from the action because they had not been timely served. The dismissal was compelled by a writ of mandate. (*Elling Corp. v. Superior Court* (1975) 48 Cal.App.3d 89 [123 Cal.Rptr. 734].) The plaintiff filed a second action naming the same the defendants, including the corporate defendants seeking the same relief as in the original action. The corporate defendants demurred on the ground that the claims were barred by the statute of limitations. The demurrer was sustained and the plaintiff appealed, contending that the statute of limitations was tolled from the date of the filing of the first action until four years later when the corporate the defendants were dismissed from the action.

The plaintiff argued that the statute of limitations was tolled. He relied on the following passage from the prior opinion in which the writ of mandate had issued: "[B]y naming a party defendant in an original complaint, the plaintiff stops the running of the statute of limitations; but if the summons is not served and returned within three years, the unserved defendant is entitled to a dismissal. The dismissal is not an adjudication on the merits, and if plaintiff wishes to renew his suit against that defendant he may do so by a new pleading (in the same action or another one), subject to whatever statute of limitation may be applicable at the time the new pleading is filed. These rules are derived from the language of the statute and its purpose to

---

²Gilliland uses the term "tolls" to mean "stops" or "interrupts" the statute of limitations. (See 3 Witkin, Cal. Procedure (4th ed. 1996) Actions, § 665, pp. 849-850.)

encourage promptness in the prosecution of actions." (*Elling Corp. v. Superior Court, supra,* 48 Cal.App.3d at p. 96.)

The Supreme Court rejected the plaintiff's argument. It wrote: "It is urged (1) that the plain meaning of this language indicates that the statute of limitations is tolled from the time of filing to the time of dismissal . . . . [¶] [This] contention[] [is] without merit. The language in *Elling* [the earlier writ of mandate action] to which plaintiff has reference, while arguably susceptible of the reading which he places upon it, was clearly not intended to convey that meaning. In stating that the plaintiff 'stops the running of the statute of limitations' by naming a party defendant in the complaint, the court manifestly intended to indicate that upon the filing of a timely complaint against a named party defendant the statute of limitations is eliminated as a means by which that defendant may ensure prompt prosecution of the claim against him. There remain to him for this purpose, however, the protections afforded him by sections 581a and 583 of the Code of Civil Procedure. When those protections operate to bring about a dismissal, the applicability of the pertinent statute of limitations is restored *as if no action had been brought.* [Citations.] In this respect the law of California is consistent with what has been stated to be the rule in the majority of jurisdictions. 'In the absence of a statute, a party cannot deduct from the period of the statute of limitations applicable to his case the time consumed by the pendency of an action in which he sought to have the matter adjudicated, but which was dismissed without prejudice to him.' " (*Wood v. Elling Corp., supra,* 20 Cal.3d 353, 359, fn. omitted.)

As a matter of law, *Wood v. Elling Corp., supra,* 20 Cal.3d 353, totally refutes Thomas's contention that the second action is not time-barred. One only needs to contemplate what this method of calendar management would lead to and how it would undermine efficient judicial administration. Section 583.130 provides in part: "It is the policy of the state that a plaintiff shall proceed with reasonable diligence in the prosecution of an action but that all parties shall cooperate in bringing the action to trial or other disposition." If Thomas's proposition had any validity, plaintiffs could start and stop an action at will, without regard for the expense, delay, and frustration such conduct would impose on the court and the defendants.

### III

 Although the complaint contains no allegations to support a claim that equitable tolling applies here, the briefs and record indicate that the parties and the trial court considered it. Counsel for both parties filed declarations and memorandum addressing the application of equitable tolling. We, therefore, review it, ignoring the procedural deficiency of how the

issue was presented to the trial court. But we must consider it according to a different standard of review. Equitable tolling is a fact intensive issue and it is determined based upon evidence. Accordingly, we are compelled to affirm the trial court's rejection of the theory if there is substantial evidence to support its determination.

■ Thomas recites the three elements of equitable tolling are "(1) that defendant received timely notice in pursuing the first remedy, (2) there is a lack of prejudice to the Defendant in gathering evidence to defend against the second action, and (3) there is good faith and reasonable conduct by plaintiff in filing the second action." ■ Equitable tolling has been applied where a plaintiff first filed an action in the federal court that was dismissed for lack of federal jurisdiction and then refiled in the state court. In that circumstance the statute of limitations is deemed tolled.

■ "It is fundamental that the primary purpose of statutes of limitation is to prevent the assertion of stale claims by plaintiffs who have failed to file their action until evidence is no longer fresh and witnesses are no longer available. '[T]he right to be free of stale claims in time comes to prevail over the right to prosecute them.' [Citations.] The statutes, accordingly, serve a distinct public purpose, preventing the assertion of demands[,] which through the unexcused lapse of time, have been rendered difficult or impossible to defend. However, courts have adhered to a general policy which favors relieving plaintiff from the bar of a limitations statute when, possessing several legal remedies he, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage. [Citations.]" (*Addison v. State of California* (1978) 21 Cal.3d 313, 317 [146 Cal.Rptr. 224, 578 P.2d 941].) The doctrine has also been applied to toll the statute of limitations in a personal injury claim while the plaintiff pursued a workers' compensation claim (*Elkins v. Derby* (1974) 12 Cal.3d 410 [115 Cal.Rptr. 641, 525 P.2d 81, 71 A.L.R.3d 839]), and where the plaintiff filed an action against its insurer that the trial court erroneously dismissed as premature (*Bollinger v. National Fire Ins. Co.* (1944) 25 Cal.2d 399 [154 P.2d 399]). (3b) The doctrine of equitable tolling, however, only applies where the plaintiff has alternate remedies and has acted in good faith.

It is obvious in the present matter that Thomas did not have any alternate remedies. His claim was the singular pursuit of a medical malpractice action. But even more obviously, Thomas did not act reasonably or with any semblance of good faith.

Thomas's attorney declared: "I am the primary litigator and the attorney with the most knowledge about the claims of Plaintiff against Defendant for

medical malpractice. I was scheduled for trial in another case that had been continued before and would not be continued again. That case went to trial at the time the instant case was also set. The court in the Thomas matter indicated reluctance to continue the trial so as to avoid having two trials at the same time the Thomas matter was dismissed and re-filed the same day." This bald admission is devoid of any showing of reason or good faith. It is astonishing that counsel does not even show that he made a formal or ex parte application for a continuance. It also ignores the prospect that he could have applied to this court had the trial court improperly rejected his timely application for relief. More fundamentally, Thomas's counsel did not seek a stipulation or other cooperation from opposing counsel to persuade the trial court to continue the trial. Instead he simply did it his way.

Counsel for Gilliland filed a counterdeclaration stating, "Prior to the dismissal of the first lawsuit, neither Mr. Thomas nor his counsel advised Dr. Gilliland that Mr. Thomas was being forced to dismiss the first lawsuit due to a trial scheduling conflict. [¶] . . . Prior to dismissing the first lawsuit, Mr. Thomas did not request a trial continuance by way of noticed motion or *ex parte* application. [¶] . . . When counsel to Mr. Thomas notified counsel to Dr. Gilliland that the first action was being dismissed, counsel to Mr. Thomas explained that the action was being dismissed because Mr. Thomas 'had problems with his case.' [¶] . . . After the first action was dismissed, Mr. Thomas did not contact either Dr. Gilliland or counsel to Dr. Gilliland to explain that the first action had been dismissed due to a trial conflict, and that the action had been refiled."

Independent of the inadequate declaration of counsel for Thomas, the counterdeclaration of Gilliland's counsel demonstrates an implicit conflict in the evidence. The trial court could reasonably conclude on the basis of the declarations that there was no reasonable or good faith grounds for dismissing the first complaint. Therefore the determination of the trial court based on substantial evidence must be affirmed. What the evidence shows is that Thomas's counsel endeavored to solve the mismanagement of his calendar conflict without regard to the interests of defendant or the court and contrary to conventional procedures available to him.

After the trial court sustained the demurrer and denied Thomas's request to apply the doctrine of equitable tolling, Thomas filed a motion for reconsideration. The motion addressed only the application of the doctrine of equitable tolling. Thomas's counsel submitted a revised declaration stating: "Defendant presented erroneous factual information in its reply on demurrer, which is materially related to a determination of the application of the equitable tolling doctrine. Defendant declared in his Reply that Plaintiff had

not sought a continuance from the court in the first action." The declaration goes on to describe a "scheduling dilemma of having two trials scheduled for the same time," one of them being the action he first filed on May 19, 1998, and later dismissed. He stated he appeared for trial in another case on February 18, 2000, it trailed for several days and concluded on March 2, 2000. The salient part of the declaration states: "The alternate case eventually concluded on March 2, 2000. At the last court appearance in the first action held directly before trial I requested the judge to consider a continuance to resolve my scheduling conflict which would permit me to provide appropriate representation to both of my clients at their respective trials. The trial had been continued three times and the judge would not agree to continue the matter again. Therefore I did not file a formal motion after the judge made clear his position. Filing the formal motion would have been an act of futility." On the basis of this reasoning, Thomas's counsel dismissed the first action.

There are some glaring omissions in the declaration of Thomas's counsel. The trial judge who "would not agree to continue" is not identified. The date of the "last court appearance" at which he "requested the judge to consider a continuance" is not provided. On this appeal, Thomas has not provided any record to corroborate any portion of his counsel's declaration. But those omissions are provided in respondent's opposition to the motion for reconsideration.

Counsel for Gilliland filed a declaration contradicting the assertions of Thomas's counsel. Specifically, he declared that on February 23, 2000, the day the "first lawsuit of plaintiff Miles Thomas" was to go to trial, plaintiff's counsel contacted him and advised that the lawsuit was being dismissed. He also declared he was unaware of any court appearances in the matter by any party between Thomas's ex parte request for a continuance on December 2, 1999, and the time he was advised by opposing counsel on February 23, 2000, that the case was dismissed.

Also, in opposition to the motion for reconsideration, respondent lodged several ex parte applications for continuances filed by both parties. The last ex parte application was filed by Thomas on December 2, 1999, and requested a new trial date of February 22, 2000. It was granted. More significantly, respondent lodged the transcript for the August 16, 1999 final status conference in the first action. In relevant part, that record shows the trial was then set for August 30, 1999, and Thomas's counsel advised that he was expecting to be in a three-week trial and requested a continuance. The trial court denied a continuance, but stated that if the other case "is actually going [to trial] . . . then you can do an ex parte motion." This suggests that

the trial court would have entertained a motion for continuance if counsel was engaged in another trial.

The motion for reconsideration was denied. Again, applying the substantial evidence standard, we conclude the trial court's denial was correct.

## DISPOSITION

The judgment (order of dismissal) is affirmed.

Epstein, J., and Curry, J., concurred.