Filed 3/26/14  Galusha v. Arata CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| RAYMOND GALUSHA,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>JUDITH A. ARATA,<br><br>    Defendant and Respondent. | 2d Civil No. B248371<br>(Super. Ct. No. 56-2013-430684)<br>(Ventura County) |

Raymond Galusha, who is self-represented, appeals from a judgment dismissing as time-barred his personal injury complaint against Judith Arata.[1]  This case is the fourth Galusha has filed in Superior Court arising out of the same incident.  The trial court sustained Arata's demurrer without leave to amend.  We affirm.

### FACTS AND PROCEDURAL HISTORY

Galusha's complaint alleges that, on July 8, 2010, he and Arata were involved in a motor vehicle accident.  Galusha alleges that Arata failed to use reasonable care when she changed lanes into a traffic lane already occupied by Galusha, who was riding his motorcycle.

---

[1] Galusha was self-represented in the trial court as well.

On July 9, 2010, the day after the alleged accident, Galusha sued the Ventura County Sheriff's Department, the County Sheriff, Bob Brooks, and an unidentified Doe driver. Galusha alleged that the Doe driver was negligent. He also alleged that the sheriff's deputies at the scene of the accident violated his "civil rights to Due Process of Law and Equal Protection under the law as guaranteed by the U.S. Constitution and Amendments 5, 11, and 14." Galusha sought $4 million in damages. On October 29, 2010, Galusha moved to dismiss his action without prejudice. The trial court granted Galusha's motion and the first action was dismissed without prejudice on November 12, 2010.

On February 8, 2011, Galusha sued Arata in small claims court, a division of the Superior Court, for $4,500 in damage to his motorcycle. On March 14, 2011, the small claims court entered judgment in favor of Galusha in the amount of $757 in damages and $85 in costs.

On May 3, 2011, Galusha sued Arata and her insurance provider, Farmers Insurance Company, in Ventura County Superior Court. He alleged personal injury, fraud and unjust enrichment arising out of the same July 8, 2010 traffic accident. On October 2, 2012, the court entered summary judgment in favor of the insurance company. Between January 3 and January 8, 2013, the court conducted a jury trial on Galusha's claims against Arata. After the defense rested on January 8, Galusha orally moved to dismiss his case without prejudice stating his intention "to take [the case] to federal court." Arata did not object to Galusha's request for dismissal and the court dismissed the action without prejudice.[2]

On January 18, 2013, ten days after dismissing the third action and more than two years and six months after the alleged accident, Galusha filed this action for personal injury and fraud. The complaint sought compensation for personal injuries sustained in the July 8, 2010 traffic accident. The allegation of fraud was that Arata denied liability for the accident, specifically, that the accident even occurred, and

---

[2] Galusha never filed an action in Federal Court.

2

concealed her identity at the scene of the accident. The trial court sustained Arata's demurrer without leave to amend on the grounds that the action was time-barred and that equitable tolling did not apply. This timely appeal followed.

## DISCUSSION

### I. Standard of Review

In reviewing an order sustaining a demurrer without leave to amend, the appellate court decides de novo whether the complaint alleges facts sufficient to state a cause of action. (*Hoffman v. State Farm Fire & Casualty Co.* (1993) 16 Cal.App.4th 184, 189.) We treat the demurrer as admitting all material facts properly pleaded. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) The appellate court does not assume the truth of contentions, deductions, or conclusions of fact or law. (*Ibid.*)

Relevant matters subject to judicial notice in the trial court or on appeal may be treated as having been pleaded. (*Marina Tenants Assn. v. Deauville Marina Development Co.* (1986) 181 Cal.App.3d 122, 128; see *Jocer Enterprises, Inc. v. Price* (2010) 183 Cal.App.4th 559, 566 [in reviewing a demurrer, "an appellate court may take judicial notice of facts not subject to judicial notice by the trial court"].)[3] The reviewing court may disregard allegations in the complaint that are inconsistent with facts that are subject to judicial notice. (*Sanchez-Scott v. Alza Pharmaceuticals* (2001) 86 Cal.App.4th 365, 371.)

If the appellate court agrees the complaint does not state a cause of action, it reviews the trial court's denial of leave to amend for an abuse of discretion. (*Aguilera*

---

[3] We grant Arata's unopposed motion for judicial notice, which asks us to judicially notice documents that form a part of the court record in two of Galusha's three previous Superior Court actions. (Evid. Code, §§ 452, subd. (d), 459; *Aaronoff v. Martinez-Senftner* (2006) 136 Cal.App.4th 910, 919; see also *Flatley v. Mauro* (2006) 39 Cal.4th 299, 306, fn. 2 [judicial notice of the voluntary dismissal of prior actions].) The documents are not part of the trial court's record. We deny Arata's motion to the extent it seeks judicial notice of portions of the website of the Department of Motor Vehicles because the matter is not relevant to our decision. We also grant Galusha's motion for judicial notice. Although we grant both parties' motions for judicial notice, we do not take judicial notice of facts set forth in the judicially noticed documents. (*Fremont Indem. Co. v. Fremont General Corp.* (2007) 148 Cal.App.4th 97, 113.)

3

*v. Heiman* (2009) 174 Cal.App.4th 590, 595.)  The issue of leave to amend is always open on appeal, even if not raised by the plaintiff.  (*City of Stockton v. Superior Court* (2007) 42 Cal.4th 730, 747.)  However, the plaintiff bears the burden of establishing an abuse of discretion by showing how the complaint can be amended to state a cause of action.  (*Aguilera v. Heiman*, *supra*, at p. 604.)

## II.  Statute of Limitations

Galusha's complaint seeks damages for bodily injury stemming from a motor vehicle accident.  The statute of limitations for personal injury actions is two years.  (Code Civ. Proc., § 335.1.)  A cause of action accrues when the alleged wrongful act is done and liability arises.  (*Norgart v. Upjohn Co.* (1990) 21 Cal.4th 383, 397; see *Litwin v. Estate of Formela* (2010) 186 Cal.App.4th 607, 618-619 [two-year limitations period is measured from date of automobile accident].)  Galusha's claim accrued on the date of the accident: July 8, 2010.  Thus, Galusha's deadline to file this action was July 9, 2012.  (Code Civ. Proc., § 2016.060.)  He did not file it until January 18, 2013, more than six months beyond the end of the limitation period.

Galusha contends that his fraud claim should not have been dismissed because it is governed by the three-year statute of limitations applicable to fraud actions.  (Code Civ. Proc., § 338, subd (d).)  This contention has no merit.  "The principal purpose or 'gravamen' of the action, rather than the form of action or the relief demanded, determines the applicable statute of limitations.  [Citation.]"  (*Vafi v. McCloskey* (2011) 193 Cal.App.4th 874, 880.)  No matter how many theories a complaint presents, a court looks to the "basic nature of the wrongdoing" that is alleged and then determines what statute of limitations applies.  (*Leeper v. Beltrami* (1959) 53 Cal.2d 195, 207.)  Thus, if the gravamen of an action is personal injury, the personal injury statute of limitations governs the action even if plaintiff includes allegations of fraud.  (*Steen v. Whittington* (1935) 9 Cal.App.2d 445, 447 [personal injury statute of limitations governed action where plaintiff alleged that she suffered shock and illness because her son's body "was fraudulently removed" from cemetery and defendants "fraudulently concealed the fact of removal from her"].)

4

*Rivas v. Safety-Kleen Corporation* (2002) 98 Cal.App.4th 218 is instructive. In *Rivas*, the plaintiffs alleged that the defendants fraudulently concealed the toxic nature of their product, which led to plaintiffs' kidney disease. (*Id.* at p. 229.) Although the plaintiffs urged the court to apply the three-year statute of limitations applicable to fraud, the court applied the shorter personal injury statute of limitations because the essence of plaintiffs' claims was that they were injured by a defective product. (*Ibid.*)

The gravamen of all Galusha's claims is that he was injured in a traffic accident. The "fraud" alleged in the complaint is that Arata denied liability for the accident and concealed her identity at the scene of the accident. Galusha's fraud claim does not alter the conclusion that the gravamen of his action is personal injury and thus the two-year statute applicable to personal injury claims governs the entire action.

### III. Galusha's Fraud Claim

Even if the appropriate statute of limitations were that applicable to fraud (Code Civ. Proc., § 338, subd.(d)), the trial court properly sustained Arata's demurrer because Galusha failed to state a cause of action for fraud. The elements of fraud are: "(1) a false representation of a material fact, (2) made recklessly or without reasonable ground for believing its truth, (3) with intent to induce reliance thereon, (4) on which the plaintiff justifiably relies, (5) to his injury. [Citation.]" (*Chavez v. Citizens for a Fair Farm Labor Law* (1978) 84 Cal.App.3d 77, 80, fn. 4.) Galusha cannot demonstrate justifiable reliance because he alleges that Arata's claims were false: "he had to pursue the truth, and prove defendant's statements false." Statements the plaintiff believes to be false are not actionable as fraud; there can be no reliance where the plaintiff does not believe the statements to be true. (*Ibid.*)

Galusha fails to state a cause of action for fraud for the additional reason that statements made to investigating police officers are absolutely privileged under Civil Code section 47, subdivision (b), and thus cannot give rise to tort liability for anything other than malicious prosecution. (*Hagberg v. California Federal Bank* (2004) 32 Cal.4th 350, 360-364.) One of the reasons this privilege was created is to assure freedom

5

of communication between citizens and investigating authorities.  (*Ibid*.)

Because Galusha fails to allege a cause of action for fraud, Arata's demurrer was properly sustained even if the three-year statute of limitations applied.

### IV.  Unjust Enrichment

Galusha asserts in his opening brief that Arata has been unjustly enriched. The gist of the claim is that he was harmed in the accident but Arata's wrongdoing prevented him from recovering damages.  Although Galusha did not allege unjust enrichment in his complaint and raises it for the first time in his opening brief on appeal, we treat his argument as a request for leave to amend to add a cause of action for unjust enrichment and consider the merits of that cause of action.  (*City of Stockton v. Superior Court*, *supra*, 42 Cal.4th at p. 747 [The issue of leave to amend is always open on appeal even if not raised by the plaintiff].)  Galusha's unjust enrichment claim is meritless for two reasons.

First, there is no cause of action in California for unjust enrichment. (*Melchior v. New Line Productions, Inc.* (2003) 106 Cal.App.4th 779, 793; see also *McKell v. Washington Mutual, Inc.* (2006) 142 Cal.App.4th 1457, 1490.)  "'The phrase 'Unjust Enrichment' does not describe a theory of recovery, but an effect:  the result of a failure to make restitution under circumstances where it is equitable to do so.' [Citation.]"  (*Melchior*, *supra*, at p. 793.)

Second, even if there were such a cause of action, Galusha fails to plead it. Unjust enrichment requires "'receipt of a benefit and [the] unjust retention of the benefit at the expense of another.'  [Citation & fn. omitted.]"  (*Peterson v. Cellco Partnership* (2008) 164 Cal.App.4th 1583, 1593.)  It is a basis for obtaining restitution.  (*McKell v. Washington Mutual, Inc.*, *supra*, 142 Cal.App.4th at p. 1490.)  Here, Galusha's only allegation of unjust enrichment is that he was harmed in the accident but has not yet recovered damages.  Arata did not receive any benefit from the accident and thus Galusha has no claim for restitution.  Accordingly, even though we permit Galusha to amend his complaint to allege a cause of action for unjust enrichment, the demurrer was properly sustained.

6

## V.  Equitable Tolling

### A.  The three prior actions

Galusha contends that, even if the personal injury statute of limitations applies, as we conclude it does, it was equitably tolled while he pursued his three prior actions.  His contention is meritless.[4]

The doctrine of equitable tolling applies "'[w]hen an injured person has several legal remedies and reasonably and in good faith, pursues one.'  [Citations.]" (*Elkins v. Derby* (1974) 12 Cal.3d 410, 414.)  In *Elkins*, the statute of limitations on the plaintiff's personal injury action was tolled while he pursued an administrative workers' compensation claim.  (*Id.* at p. 412.)  The doctrine does not apply where the plaintiff has only one remedy, a civil action, and pursues it by filing successive actions in Superior Court, as Galusha has done.  (*Thomas v. Gilliland* (2002) 95 Cal.App.4th 427, 434 [no equitable tolling where successive complaints in superior court were all in pursuit of a single recovery for medical malpractice]; see also *Martell v. Antelope Valley Hospital Medical Center* (1998) 67 Cal.App.4th 978, 985 ["appellants pursued successive claims in the same forum, and therefore equitable tolling did not apply"].)

Galusha contends that we must apply the three-part test enunciated in *Collier v. City of Pasadena* (1983) 142 Cal.App.3d 917, 920, 935, where the court held that the plaintiff's workers' compensation claim tolled the limitations period on his claim to the city's retirement board seeking a disability pension for the same injury.  In *Collier*, the Court of Appeal recognized a three-part test for invocation of equitable tolling: "(1) timely notice to the defendant in filing the first claim; (2) lack of prejudice to defendant in gathering evidence to defend against the second claim; and (3) good faith

---

[4] Galusha asserts a confusing argument, based on Civil Procedure Code section 474, that his naming of Arata as a Doe defendant in his first action somehow tolled the running of the statute of limitations on his other actions.  Of course, naming Arata as a Doe in the first action extended the running of the statute of limitations *in that action* against Arata. (*Balon v. Drost* (1993) 20 Cal.App.4th 483, 487-488.)  Galusha offers no authority, however, for his theory that his deadline for filing this action was extended during the time Arata remained unidentified in the first action.

and reasonable conduct by the plaintiff in filing the second claim. [Fn. omitted.]" (*Id.* at p. 924.) *Collier* does not apply, however, because the equitable tolling doctrine announced in *Elkins* does not even come into play where, as here, the plaintiff has pursued multiple actions in the same forum. Galusha's first three actions were all filed in superior court. They thus cannot toll the statute of limitations on the instant action, which was also filed in superior court. Moreover, the first and third actions both ended in voluntary dismissal by Galusha. A superior court action that is voluntarily dismissed does not toll the statute of limitations. (*Thomas v. Gilliland*, *supra,* 95 Cal.App.4th at p. 429; *Martell v. Antelope Valley Hospital Medical Center*, *supra*, 67 Cal.App.4th at pp. 984-986.)

### B. Arata's alleged denial of liability

Galusha contends that the statute of limitations was tolled because Arata "denied an accident happened," which "contributed to plaintiff's delay in filing suit." He cites *Bollinger v. National Fire Insurance Company* (1944) 25 Cal.2d 399 for his argument that the running of a statute of limitations is tolled "whenever the defendant's conduct contributes to a delay in filing." Galusha's reliance on *Bollinger* is misplaced because no action by Arata contributed to his delay in filing this lawsuit.

In *Bollinger*, the plaintiff brought a timely action on an insurance policy, but the trial court erroneously entered nonsuit against him. (*Bollinger v. National Fire Ins. Co.*, *supra*, 25 Cal.2d at p. 410.) A subsequent action would have been filed within the statute of limitations period had the insurer not obtained a number of continuances in the first action. (*Id.* at pp. 402, 410.) This was "a peculiar sequence of events deemed to be of controlling importance . . . ." (*Neff v. New York Life Ins. Co.* (1947) 30 Cal.2d 165, 174.) Here, no events outside Galusha's control delayed his filing of this action. Galusha sued Arata as a "Doe" in his timely first action, then voluntarily dismissed that action. He named Arata in his timely filed second action and obtained a small claims judgment against her. He also named Arata in his timely filed third action, which went to trial before he again voluntarily dismissed it. The untimeliness of Galusha's fourth action was entirely within his own control.

Moreover, Arata's denial that an accident ever occurred does not toll the statute because Galusha never relied on it. A defendant's alleged fraud in concealing a cause of action will toll the statute of limitations only as long as the plaintiff reasonably relies on the defendant's misrepresentation. (*Grisham v. Philip Morris U.S.A., Inc.* (2007) 40 Cal.4th 623, 637.) Here, Galusha alleges that Arata's denials were false. Therefore, he cannot allege that he took any action based on his belief that they were true. (*Chavez v. Citizens for a Fair Farm Labor Law*, *supra*, 84 Cal.App.3d at p. 80 [no reliance where plaintiff does not believe statements to be true].)

Arata's denial that an accident occurred does not toll the statute for the additional reason that Galusha was on notice that he had a claim from the day of the accident. "'. . .The doctrine of fraudulent concealment . . . does not come into play, whatever the lengths to which a defendant has gone to conceal the wrongs, if a plaintiff is on notice of a potential claim.' [Citation.]" (*Rita M. v. Roman Catholic Archbishop* (1986) 187 Cal.App.3d 1453, 1460.) Galusha's timely filing of three actions, the first on the day after the alleged accident, demonstrates that he had notice of his claims with ample time to file suit.

### C. Arata's alleged concealment of her identity

In his complaint, Galusha alleges that this action was timely because Arata "fraudulently concealed her identity," which "plaintiff requested and was denied" following the accident. Galusha does not raise this argument in his opening brief, so it is waived. (See *Employers Mutual Casualty* Co. *v. Philadelphia Indemnity Ins.* Co. (2008) 169 Cal.App.4th 340, 349-350 [argument not raised in opening brief and supported by authority is "doubly" waived].) Galusha's fraudulent concealment of identity argument would not avoid the statute of limitations in any event. Alleged fraudulent concealment of identity does not toll a statute of limitations. (*Vaca v. Wachovia Mortgage Corp.* (2011) 198 Cal.App.4th 737, 745.) At most, such allegations may equitably estop a defendant from relying on the statute of limitations. (*Ibid.*) The two doctrines of equitable tolling and equitable estoppel are distinct. (*Lantzy v. Centex Homes* (2003) 31 Cal.4th 363, 383.) Tolling suspends the running of a limitations period; equitable

9

estoppel, on the other hand, estops a defendant from asserting the statute of limitations as a defense. (*Ibid.*) A defendant will not be equitably estopped to assert a statute of limitations unless it has prevented the plaintiff from filing a suit on time. (*Id.* at p. 385; *Vaca*, *supra*, at p. 746.) Nothing prevented Galusha from filing this suit on time. Indeed, he filed three timely actions, including two in which he named Arata as a defendant. Thus, any allegations of fraudulent concealment of identity do not estop Arata from asserting the statute of limitations.

> *D. Galusha's alleged belief that he would be paid by Arata's insurance company*

In his opening brief Galusha alleges that the statute should be tolled because Arata's insurer (Farmers) led him to believe "they would timely accept the claim." The facts underlying this argument were not alleged in Galusha's complaint. Again, we treat Galusha's assertion of this new theory as a request for leave to amend (*City of Stockton v. Superior Court*, *supra*, 42 Cal.4th at p. 747) and grant the request. The new allegation does not render Galusha's action timely, however.

Galusha cites no authority for the proposition that a statute of limitations may be equitably tolled by a party's promise to settle, and we reject it. Nor does equitable estoppel apply. Arata cannot be estopped from asserting the statute of limitations defense because, whatever Farmers' conduct may have been, it did not prevent Galusha from filing a timely action against Arata and he did so.

> *VI. Leave to Amend*

It is Galusha's burden on appeal to show that the trial court abused its discretion in denying leave to amend. (*Aguilera v. Heiman*, *supra*, 174 Cal.App.4th at p. 595.) The record does not show that Galusha ever requested leave to amend in the trial court. However, we have treated the new theories raised in his opening brief as requests for leave to amend and reviewed their merits. None of Galusha's new theories enable him to state a cause of action that is not time-barred. The trial court did not abuse its discretion in sustaining Arata's demurrer without leave to amend.

10

DISPOSITION

The judgment (order of dismissal) is affirmed.  Arata is to recover her costs on appeal.

<u>NOT TO BE PUBLISHED.</u>

O'DONNELL, J.[*]

We concur:

GILBERT, P. J.

YEGAN, J.

---

[*] (Judge of the Superior Court of Los Angeles County, assigned by the Chief Justice pursuant to art. 6, § 6 of the Cal. Const.)

11

Mark S. Borrell, Judge

Superior Court County of Ventura

_____

Raymond Galusha, in pro. per. for Plaintiff and Appellant.

Horvitz & Levy, David S. Ettinger, Eric S. Boorstin, Stu, Boeddinghaus & Velasco, Gerald B. Velasco for Defendant and Respondent.