
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY, | No. 14-17431 |
| Plaintiff - Appellant, | D.C. No. 1:11-cv-00803-DLB |
| v. | |
| A. K. SCRIBNER, Warden at C.S.A.T.F; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Dennis L. Beck, Magistrate Judge, Presiding[**]

Submitted December 9, 2015[***]

Before:     WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

Jamisi Jermaine Calloway, a California state prisoner, appeals pro se from

the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal on the basis of a statute of limitations and under Fed. R. Civ. P. 12(b)(6). *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004). We affirm.

The district court properly dismissed Calloway's action because, even with the benefit of statutory tolling due to his incarceration, Calloway failed to file his action within the applicable statute of limitations, and he failed to demonstrate he was entitled to equitable tolling. *See* Cal. Civ. Proc. Code §§ 335.1, 352.1 (two-year statute of limitations for personal injury claims; two-year tolling period due to incarceration); *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007) (forum state's personal injury statute of limitations and tolling laws apply to § 1983 actions); *see also Fink v. Shedler*, 192 F.3d 911, 916-17 (9th Cir. 1999) (three-pronged test for equitable tolling in California; plaintiff was not entitled to equitable tolling where "actions were not a reasonable and good faith effort to pursue his claims in an alternate forum or case" (citation and internal quotation marks omitted)); *Thomas v. Gilliland*, 115 Cal. Rptr. 2d 520, 524 (Ct. App. 2002) ("In the absence of a statute, a party cannot deduct from the period of the statute of limitations applicable to his case the time consumed by the pendency of an action

in which he sought to have the matter adjudicated, but which was dismissed without prejudice to him." (citation and internal quotation marks omitted)).

Contrary to Calloway's contention, the statute of limitations was not tolled based on his alleged incapacity because his incapacity arose after the accrual of his cause of action. *See* Cal. Civ. Proc. Code § 352(a); *Henein v. Saudi Arabian Parsons Ltd.*, 818 F.2d 1508, 1515 (9th Cir. 1987) (statute of limitations was not tolled under California law where plaintiff "does not allege that he was incapacitated at the time the cause of action *accrued*").

We reject Calloway's contention that his claims are not time barred due to his pro se status.

**AFFIRMED**.