**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

JUL 17 2017

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANITA B. CARR, pro se, | No. 16-16058 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-01690-VC |
| v. | |
| U.S. BANK, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Vince G. Chhabria, District Judge, Presiding

Submitted July 11, 2017[**]

Before:     CANBY, KOZINSKI, and HAWKINS, Circuit Judges.

Anita B. Carr appeals pro se from the district court's judgment dismissing

her diversity action alleging various claims arising out of foreclosure proceedings.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal on

the basis of the applicable statutes of limitations. *Ventura Mobilehome Cmtys.*

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Owners Ass'n v. City of San Buenaventura*, 371 F.3d 1046, 1050 (9th Cir. 2004). We affirm.

The district court properly dismissed Carr's action as time-barred because "the running of the statute[s] is apparent on the face of the complaint" and the allegations do not permit a showing that the statutes were tolled. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980); *see also Fox v. Ethicon Endo-Surgery, Inc.*, 110 P.3d 914, 917 (Cal. 2005) ("[T]he statute of limitations begins to run when the plaintiff has reason to suspect an injury and some wrongful cause, unless the plaintiff pleads and proves that a reasonable investigation at that time would not have revealed a factual basis for that particular cause of action.").

Contrary to Carr's contention, her action was not tolled during the pendency of her prior state court action. *See Thomas v. Gilliland*, 115 Cal. Rptr. 2d 520, 524 (Ct. App. 2002) ("In the absence of a statute, a party cannot deduct from the period of the statute of limitations applicable to his case the time consumed by the pendency of an action in which he sought to have the matter adjudicated, but which was dismissed without prejudice to him." (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We do not consider documents and facts not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

All pending requests are denied.

**AFFIRMED.**