Filed 1/28/26  Varsity Park Estates Homeowners Assn. v. Anglin CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| VARSITY PARK ESTATES HOMEOWNERS ASSOCIATION, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> JAMES D. ANGLIN, et al., <br><br> Defendants and Appellants. | 2d Civil No. B343731 <br> (Super. Ct. No. 2023CUCO007971) <br> (Ventura County) |

Appellants James Anglin and Kimberly Crane own a home in a Moorpark common interest development that is governed by a homeowners association, respondent Varsity Park Estates Homeowners Association (respondent or the HOA), and a set of recorded Covenants, Conditions and Restrictions (CC&Rs).  The HOA sued appellants to enforce a CC&R that prohibits parking a recreational vehicle in the community.  After a non-jury trial, the trial court entered judgment in favor of respondent, finding the parking restriction was enforceable and that respondent had not made an arbitrary decision to enforce it

against appellants. They contend the trial court erred in placing the burden of proof on appellants to prove the restriction is arbitrary or was arbitrarily enforced. Appellants further contend the HOA is estopped to enforce the restriction because it approved their application to relandscape and install gates on their property. We affirm.

*Facts*

The use restriction at issue here provides, "<u>2.6 Parking Restrictions</u>. No mobile home, cab-over camper, tent, machinery, construction equipment, boat, truck, trailer, recreational vehicle, inoperable or dilapidated vehicle, or commercial vehicle of any kind shall be kept, stored or parked (other than temporarily), maintained, constructed, or repaired, on any property within the Development; provided, however, that the provisions of this Section shall not apply to emergency vehicle repairs . . . . This Section may be changed only with the vote or consent of two-thirds (2/3) of the voting membership."

In 2014, appellants purchased a camping trailer. When they realized the CC&Rs prohibited them from parking it on their property, they spoke with the then president of the HOA board of directors. Appellants understood they could obtain permission to park the trailer on their property by submitting an application to the HOA's architectural committee.

Appellants submitted an application to re-landscape their front and back yards and install gates in their back yard. The fax cover sheet attached to their application stated that they were adding the gates, "for parking a camping trailer the affected neighbors . . . have given signed approval." The application itself, however, did not mention parking a trailer on the property. The HOA's board of directors, sitting as the architectural committee,

approved the application. After appellants completed the work, respondent notified appellants that they were in violation of the CC&Rs because they were parking a camping trailer on their property.

After appellants received several notices of violation, the parties participated in a mediation. This resulted in an agreement that provided: (1) appellants would remove the trailer from their property; (2) appellants would survey members of the HOA "regarding possible amendment to CC&Rs to permit RV storage"; (3) if appellants decided to pursue amending the CC&Rs, "[they] will notify [the HOA's counsel] and submit $1500 for fee"; (4) any proposed amendment would allow RV storage if approved by the HOA's architectural committee and the RV is not visible from the street or other lots; (5) "Ballots to be counted 120 days from mailing date[;]" and "If amendment does not pass, [appellants] shall not store RV on [their] lot."

Appellants removed the trailer from their property. They also twice surveyed the other homeowners in the community and obtained "proxy votes" from more than two-thirds of homeowners in support of amending the CC&Rs. For reasons that are not clear, appellants never paid the $1500 fee and the HOA board did not consider the results of these surveys sufficient to amend the CC&Rs. There has been no formal election on the issue.

During the pandemic, appellants moved the trailer back onto their property. Appellant Anglin testified he received permission from the then board president to park the trailer on

3

appellants' property.[1]  They have continued to store the trailer on their property.

Another homeowner, Eugene Lapp, testified that he moved into the community in 2006.  He stored a boat and a trailer holding an off-road vehicle on his property for about two years.  This homeowner never received a notice of violation from the HOA board.

One of appellants' next-door neighbor, Jerry Vandermeulen, testified that he stored a camper on his property starting in 1995 or 1996.  After 3 or 4 days he received a notice of violation from the HOA board.  Vandermeulen responded to the notice with photographs of the camper being stored.  The HOA gave him permission to park it on his lot, after he paid a $25 fine, so long as "only a foot of the roof would stick up" over the gate.  By 2005, Vandermeulen had replaced the camper with a trailer.  He could not store the trailer on his property because it was too large.

After a three-day, non-jury trial, the trial court found in favor of respondent on its causes of action for breach of the CC&Rs, breach of contract and declaratory relief.  The judgment ordered appellants to "fully comply" with the CC&Rs, to "remove any mobile home, cab-over camper, trailer, and/or recreational vehicle from the lot" and to "cease and desist from storing any mobile home, cab-over camper, trailer, and/or recreational vehicle at or on their Lot forthwith."

---

[1] The board president during this period was Ron Izuno.  Mr. Izuno no longer lives in the community and did not testify at trial.

4

*Contentions*

Appellants contend the trial court erred because it should have placed the burden on the HOA to prove that its enforcement procedures are fair and uniformly applied and that its decision to enforce the CC&Rs against appellants was not arbitrary. Because, they contend, the HOA produced no evidence that it acted in good faith when it decided to enforce the CC&Rs, the trial court should have entered judgment in appellants' favor. They further contend respondent is estopped to enforce the CC&Rs because the architectural committee approved their application to install the gates and knew the application was made only to facilitate parking the trailer on their property.

*Discussion*

CC&Rs are "enforceable equitable servitudes, unless unreasonable . . . ." (Civ. Code, § 5975.) As a result, use restrictions are "afforded . . . a presumption of validity and . . . challengers [are required to] demonstrate the restriction's 'unreasonableness' by the deferential standard applicable to equitable servitudes." (*Nahrstedt v. Lakeside Village Condominium Assn.* (1994) 8 Cal.4th 361, 368 (*Nahrstedt*); see also *Villa De Las Palmas Homeowners Assn. v. Terifaj* (2004) 33 Cal.4th 73, 91 [use restrictions are "presumptively valid, and the burden of proving otherwise rests upon the challenging homeowner"]; *Dolan-King v. Rancho Santa Fe Assn.* (2000) 81 Cal.App.4th 965, 970 [homeowner challenging HOA's rejection of her plans for home addition and perimeter fence "failed to meet her burden to show the [HOA] Board's decisions were unreasonable and arbitrary under the circumstances"].) Under these deferential standards, a use restriction "will be enforced uniformly against all residents of the common interest

5

development *unless* the restriction is arbitrary, imposes burdens on the use of lands it affects that substantially outweigh the restriction's benefits to the development's residents, or violates a fundamental public policy." (*Nahrstedt, supra,* at p. 386.)

Discretionary decisions made by "a duly constituted community association board, upon reasonable investigation, in good faith and with regard for the best interests of the community association and its members" are entitled to judicial deference when those decisions are within the scope of the board's authority under the relevant governing documents. (*Lamden v. La Jolla Shores Clubdominium Homeowners Assn.* (1999) 21 Cal.4th 249, 253.) We will generally "'uphold decisions made by the governing board of an owners association so long as they represent good faith efforts to further the purposes of the common interest development, are consistent with the development's governing documents, and comply with public policy.'" (*Id.* at p. 265, quoting *Nahrstedt, supra,* 8 Cal.4th at p. 374.)

Appellants contend the trial court erred because it did not place the burden of proof on respondent to show that its decision to enforce the parking restriction was not arbitrary and that its procedures were fair and uniformly applied. To the contrary, *Nahrstedt* and *Lamden* mandate that we defer to respondent's discretionary decision making unless there is evidence that respondent made the enforcement decision arbitrarily or in bad faith, or that the use restriction itself is unreasonable within the meaning of Civil Code section 5975. The trial court did not err in assigning to appellants the burden to prove respondent acted arbitrarily.

6

Appellants contend *Nahrstedt* and *Lamden* are not controlling because these cases involved the question whether a specific use restriction was enforceable, not the question whether an HOA board's decision to enforce the restriction was arbitrary or made in bad faith. But *Nahrstedt* draws no such distinction. Instead, *Nahrstedt* and *Lamden* mandate that we defer to the HOA board's discretionary decisions. That deference extends to the decision to enforce the parking restriction against appellants. Because that decision is entitled to deference, appellants, as the parties challenging it, properly bears the burden to demonstrate that it was made arbitrarily or in bad faith.

Here, the trial court found there was insufficient evidence respondent made an arbitrary or bad faith decision by selectively enforcing the parking restriction against appellants. We agree. The record shows that one homeowner parked a camper on his property for several years, ending in about 2005. The trial court properly gave this evidence little weight because its remoteness in time sheds no light on the conduct of the current board. The record also shows that another homeowner parked a boat and an off-road vehicle on his property for about two years, at some point after 2006. We agree this does not demonstrate selective or arbitrary action by respondent because it involves a single homeowner in a community of 93 homes. In addition, there was evidence that this homeowner removed the items when the HOA board asked him to do so. There was no evidence that respondent was aware of, and ignored other violations of the parking restriction. To the contrary, the property manager and an HOA board member both testified that the board did not make exceptions to this restriction and would not without an amendment to the CC&Rs. Substantial evidence

supports the trial court's finding that respondent did not act arbitrarily or in bad faith. (*Rancho Santa Fe Assn. v. Dolan-King* (2004) 115 Cal.App.4th 28, 42-43.)

Appellants contend respondent is estopped to enforce the parking restriction against them because the HOA board approved their application to relandscape and install gates in their backyard. Four elements are required to establish an equitable estoppel: "'"(1) The party to be estopped must know the facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel had the right to believe that it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; and, (4) he must rely upon the conduct to his injury.'" [Citation.]" (*Spray, Gould & Bowers v. Associated International Ins. Co.* (1999) 71 Cal.App.4th 1260, 1268.)

The trial court found respondent is not estopped to enforce the parking restriction because appellants' application to the architectural committee did not expressly request a waiver of the parking restriction and because the board lacked authority to waive it in any event. This finding was supported by substantial evidence. (*Hopkins v. Kedzierski* (2014) 225 Cal.App.4th 736, 756 ["'whether a defendant's conduct is sufficient to invoke the doctrine [of estoppel] is a factual question entrusted to the trial court's discretion . . .'"].)

Appellants failed to show respondent knew that appellants were seeking permission to park their trailer on their property. The application itself did not mention appellants' plan to store the trailer behind their gates; that fact was included only on the fax cover sheet for the application. The architectural committee's approval letter grants permission to "relandscape the

8

front and backyards removing grass and installing drought resistant plants." It does not mention or approve parking a trailer on the property. Moreover, as the trial court found, the HOA board, sitting as the architectural committee, lacked authority under the CC&Rs to waive enforcement of the parking restriction, absent an amendment to the CC&Rs. There was no error.

<em>Conclusion</em>

The judgment is affirmed. Costs awarded to respondent on appeal.

<u>NOT TO BE PUBLISHED.</u>

YEGAN, Acting P. J.

We concur:

BALTODANO, J.

CODY, J.

9

Ronda McKaig, Judge

Superior Court County of Ventura

_____


      David H. Pierce & Associates and David Pierce, Larry Liu, for Defendants and Appellants.

      Richardson Ober and Alisa E. Sandoval, for Plaintiff and Respondent.